# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | )  Case No.  CR-21-294-F |
| | ) |
| **CHAD ERIK FOSTER,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The court has preliminarily reviewed the Final Presentence Investigation Report in this case (doc. no. 24).

The court notes, from the addendum to the presentence report (doc. no. 24, at pp. 28-32), that the government has chosen to offer a rambling, prolix alternative (or elaborated) version of the facts set forth in paragraphs 11-36 of the presentence report. In an introductory statement, the government states that it "offers the following objections and suggestions." *Id.* at 28. That "offer" is repeated on p. 31. The only thing in this rambling, prolix narrative that is discernibly not an objection is the portion of the narrative that might be encompassed by the government's statement that it has "[n]o objection to the circumstances of the defendant's arrest." *Id.*

Aside from being unhelpful to the court's effort to ascertain what is–and is not–genuinely in issue for sentencing purposes, the government's narrative (which, so far as the court can tell, amounts to an objection to anything in paragraphs 11-36 of the report that is inconsistent with, or not included in, the government's version)

runs counter to some basic principles of federal sentencing procedure. As relevant here, Rule 32(f), Fed.R.Crim.P., requires a party objecting to material in a presentence report to "state in writing any objections, including objections to material information." This affirmative requirement in Rule 32 is echoed in the advisory guidelines, specifically USSG § 6A1.2(b). At sentencing, the court is required to rule on "any disputed portion of the presentence report." Rule 32(i)(3)(B).

Bearing in mind this commonsense framework for fair resolution of disputed factual matters which may be relevant to sentencing, it comes as no surprise that, to invoke the district court's factfinding obligation, the government is required to make "specific allegations" of factual inaccuracy. United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008). *See also*, to the same effect, United States v. Rodriguez-Delma, 456 F.3d 1246, at 1253 (10th Cir. 2006). Thus, objections to a presentence report must be made with "specificity and clarity" in order to alert the opposing party and the court to the mistake of which the objecting party complains. United States v. Ramirez-Flores, 743 F.3d 816, 824 (11th Cir. 2014). As the court noted in Ramirez-Flores, "this requirement is not gratuitous; rather, it ensures that the [defendant] has the opportunity to address or correct the alleged error." *Id*. If an objection to a fact contained in the presentence report is not asserted with sufficient specificity, "the objection is waived." United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006).

The government's rambling, prolix narrative–devoid of *specific* objections–completely frustrates the court's ability to focus on matters which might genuinely and specifically be placed in issue for sentencing purposes. Of equal importance, the government's narrative runs directly counter to the fundamental principles of federal sentencing procedure as established by the authorities cited above. The court is, of course, unable to ascertain (and is unwilling to guess) what specific factual

statements in paragraphs 11-36 the government might actually object to. For that reason, we are going to start over on the government's objections to the presentence report. The government's responses and objections with respect to paragraphs 11-36 are **STRICKEN IN TOTO**. The government is **DIRECTED**, not later than 21 days from the date of this order, to serve new, specific objections to paragraphs 11-36 as contemplated by Rule 32(f)(1). If, in addition, the government believes that those paragraphs of the report objectionably omit facts relevant to sentencing, the omitted facts–*not* just a new gloss on facts already in the report–may be set forth in a separate objection. That will trigger, as in the usual course, the preparation of a new addendum. After the presentence report, with the new addendum, is filed, the court will set this case for sentencing.

     IT IS SO ORDERED this 21st day of March, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0294p004.docx